IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANDRE STRICKLAND and PATRICIA STRICKLAND, ) ) ) Plaintiffs, ) ) v. ) ) MORTGAGE LENDERS NETWORK ) USA INC., *et al.*, ) ) ) Defendants. ) ) | CIVIL ACTION NO. 5:14-CV-382 (MTT) |

## ORDER

Before the Court is Plaintiffs' notice of appeal (Doc. 6) and an affidavit in support of a request to proceed on appeal *in forma pauperis* (Doc. 7).[1] The Plaintiffs seek to appeal the Court's November 19, 2014 Order (Doc. 5) denying their motion to remove an action they filed in state court. However, the Plaintiffs' stated issue of what they intend to present on appeal does not mention removal. Rather, the Plaintiffs allege: "[t]his Appeal is to the US Court of Appeals for the Eleventh Circuit, with actions and executions arising from such order including but not limited to the Order of the granting

---

[1] Although the Plaintiffs filled out the form affidavit to proceed in the *district court* in forma pauperis, the Plaintiffs nevertheless attempted to show in detail their inability to pay or to give security for fees and costs as required by Federal Rule of Appellate Procedure 24(a)(1)(A). It is not clear whether Andre and Patricia Strickland, the two plaintiffs, are the husband and spouse reflected in the affidavit; only Patricia Strickland signed the affidavit. Nevertheless, the Court finds the Plaintiffs have not shown their inability to pay or to give security for fees and costs. The affidavit reflects a combined gross income of $44,976.00, which is almost $30,000 greater than $15,730.00, the poverty guideline for a family of two. *2014 Poverty Guidelines*, ASPE.HHS.GOV, http://aspe.hhs.gov/poverty/14poverty.cfm. Moreover, the affidavit reflects ownership of two vehicles worth a total of $13,513.18 and a house with a value of $103,539.38.

of foreclosure of the subject real property, Possession and Writ of Possession." (Doc. 6). The Court's November 19, 2014 Order did not address foreclosure of property.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "'Good faith' is judged from an objective standard and is satisfied when an appellant seeks review 'of any issue not frivolous.'" *United States v. Carswell*, 2008 WL 4831658, at * 2 (M.D. Ga.) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). For the reason the Court stated in its ruling – namely, that a plaintiff is not entitled to remove an action to federal court – the Court finds the Plaintiffs' appeal is not taken in good faith. Seeking appellate review of the issue presented in the November 19, 2014 Order is frivolous because the legal theory is "indisputably meritless" and the action is "without arguable merit either in law or fact."[2] *Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (citations omitted).

The Plaintiffs' motion for leave to proceed on appeal *in forma pauperis* is **DENIED**. Any further requests to proceed *in forma pauperis* on appeal should be directed, on motion, to the United States Court of Appeals for the Eleventh Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED** this 5th day of December, 2014.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT

---

[2] Additionally, the Court notes the Plaintiffs' *affidavit* fails to state the issues the Plaintiffs intend to present on appeal and fails to claim an entitlement to redress as required by Federal Rule of Appellate Procedure 24(a)(1)(B)-(C). *See also* 28 U.S.C. § 1915(a)(1) ("Such *affidavit* shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.").